UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEE BRANNON,

        Petitioner,

v.                                    CASE NO. 05-CV-70006-DT
                                  HONORABLE PAUL D. BORMAN

JERI-ANN SHERRY,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S REQUEST TO BRING ADDITIONAL ISSUE, (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS AS AMENDED, AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Charles Lee Brannon ("Petitioner"), a state prisoner presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan[1], has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to operating a motor vehicle under the influence third offense ("OUIL 3rd") and a probation violation in the Bay County Circuit Court in 2003. He was sentenced to concurrent terms of 40 to 60 months imprisonment on those convictions.

In his pleadings, Petitioner raises claims concerning his sentence and the effectiveness of appellate counsel. For the reasons stated below, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in*

---

[1]At the time he instituted this action, Petitioner was confined at the Straits Correctional Facility in Kincheloe, Michigan where Respondent is the warden.

*forma pauperis*.

## II. Facts and Procedural History

Petitioner's convictions arise from his history of drunk driving offenses. At the time of the instant convictions, Petitioner was on probation pursuant to a guilty plea conviction for OUIL 3rd which had been entered in the Bay County Circuit Court in 2000. He was then arrested for drunk driving on June 4, 2003. He pleaded guilty to a probation violation on August 7, 2003 and to OUIL 3rd (in exchange for the prosecution not seeking a habitual offender enhancement) on September 10, 2003.

The sentencing guidelines for Petitioner's 2000 offense were 0 to 11 months incarceration. The sentencing guidelines for his 2003 offense were 7 to 23 months incarceration. The Department of Corrections recommended concurrent sentences of 24 to 60 months and 30 to 50 months imprisonment. Following a hearing on October 27, 2003, the trial court sentenced Petitioner to concurrent terms of 40 to 60 months imprisonment. The trial court stated that it was imposing a sentence above the guideline range because the guidelines did not take into account Petitioner's long history of drunk driving and his failure to rehabilitate. The trial court explained:

> The guidelines do not take into consideration defendant's rehabilitative measures over several years. The defendant has been placed on probation, been involved in several alcohol treatment programs, has been sentenced to both jail and prison. Although defendant went through both inpatient and outpatient programs and attended AA, defendant has returned to excessive drinking and driving while intoxicated. Further, defendant was on probation for OUIL 3rd when he committed this offense. This is defendants seventh drinking and driving offense.
>
> The defendant admits to a long history of alcohol abuse from age 15. Although the defendant had previous periods of sobriety, he has always returned to heavy alcohol abuse. Defendant has admitted that he tried to quit drinking numerous times but has always come back to drinking. Defendant has also admitted that when he drinks or begins to drink, he has no idea when or where it will stop. Defendant states the has no control over his drinking. There is also a clear

2

> addictive history of alcoholism on both sides of defendant's family. The Court
> finds the defendant is a significant threat to the citizens of Bay County to an
> extent not contemplated by the guidelines.

10/30/03, Sentencing Information Report Departure Evaluation.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that his sentence was excessive and disproportionate. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Brannon*, No. 253532 (Mich. Ct. App. March 24, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court asserting the same sentencing claim, as well as new claims that the trial court filed to provide substantial and compelling reasons to depart upward from the sentencing guidelines and that appellate counsel was ineffective for failing to previously raise this issue. Petitioner also filed a motion to remand. The Michigan Supreme Court denied leave to appeal and the motion to remand in a standard order. *People v. Brannon*, 471 Mich. 872, 685 N.W.2d 668 (2004). Petitioner also filed a motion for relief from judgment with the trial court challenging his sentence and the trial court's upward departure from the sentencing guidelines, which was denied. *People v. Brannon*, No. 00-1346-FH-B (Bay Co. Cir. Ct. Oct. 27, 2004).

Petitioner thereafter filed the instant habeas petition asserting that his sentence is excessive and disproportionate. Respondent filed an answer to the petition contending that the claim should be denied as non-cognizable and for lack of merit. Petitioner has filed a reply to that answer. Petitioner has also filed a request to amend his petition to add a claim that appellate counsel was ineffective for failing to assert on direct appeal that the trial court did not provide substantial and compelling reasons to justify its upward departure from the sentencing guidelines. Respondent has not filed a response to Petitioner's request. Having considered the

matter, the Court grants Petitioner's request to amend his petition to add the ineffective assistance of appellate counsel claim. The Court shall consider the habeas petition as amended.

### III.     Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

    A.   <u>Sentencing Proportionality Claim</u>

Petitioner first claims that he is entitled to habeas relief because his sentence is

excessive and disproportionate.  To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief.  *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).  It is well-established that habeas relief does not lie for perceived errors of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner is also not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).  "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment."  *Marks*, 209 F.3d at 583.  A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'"  *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole."  *Thomas*, 49 F.3d at 261.

Petitioner was sentenced to concurrent terms of 40 to 60 months on his convictions.  While the sentence exceeded the guideline range, it was within the statutory maximum.  *See* Mich. Comp. Laws § 257.625.  Accordingly, this Court concludes that the trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment.  The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of

federal law or the facts. Habeas relief is not warranted on this claim.

    B.    <u>Ineffective Assistance of Counsel Claim</u>

Petitioner next alleges that he is entitled to habeas relief because appellate counsel was ineffective for failing to assert on direct appeal that the trial court did not provide substantial and compelling reasons to justify its upward departure from the sentencing guidelines.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of

7

the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner cannot establish that appellate counsel was deficient or that he was prejudiced by counsel's performance as his underlying sentencing claim lacks merit. Michigan law requires that a trial court articulate on the record "substantial and compelling reasons" to impose a sentence which departs from the statutory sentencing guidelines. *See* Mich. Comp. Laws § 769.34(3); *People v. Babcock*, 469 Mich. 247, 255-56, 666 N.W.2d 231 (2003). A substantial and compelling reason is "an objective and verifiable reason that keenly or irresistibly grabs our attention; is of considerable worth in deciding the length of sentence; and exists only in exceptional circumstances." *Babcock*, 469 Mich. at 258 (citation and quotations omitted). If the seriousness of the defendant's conduct and his criminal history have already been taken into account in determining the sentencing guideline range, such factors cannot be used to justify a departure unless the trial court finds that those factors have been given inadequate or disproportionate weight. *Id*. at 258 n. 12.

In this case, the trial court articulated substantial and compelling reasons to impose a sentence above the statutory guideline range. Those reasons included Petitioner's history of seven drunk driving offenses, his numerous rehabilitation failures, the fact that he was on probation for OUIL 3rd at the time of the offense, his family and personal history of alcoholism, and his admitted inability to control his drinking and driving while intoxicated. Given Petitioner's record and his history of rehabilitative failure, the trial court found that he posed a threat to society to an extent not contemplated by the guidelines. The record thus reflects that the trial court imposed a sentence which departed above the guideline range in compliance with

state law.  Petitioner has not demonstrated that appellate counsel was ineffective for failing to raise this specific sentencing issue on direct appeal.[2]  The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Habeas relief is not warranted on this claim.

**V.    Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without

---

[2]The Court notes that the prosecution raised and argued the issue of whether the trial court's upward departure was justified by substantial and compelling reasons before the Michigan Court of Appeals.  Additionally, the Michigan Court of Appeals was obligated to consider this issue in reviewing Petitioner's excessive/disproportionate sentence claim.  *See Babcock*, 469 Mich. at 256.

addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that Petitioner's request to bring an additional issues is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus, as amended, is **DENIED WITH PREJUDICE**.

Lastly, **IT IS ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2005.

s/Jonie Parker
Case Manager

10